# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| El Direct Electric LLC d/b/a DE Oilfield Services, | ) )  ) **ORDER** |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| Joseph John Seeman; Diana Andrea Naomi Seeman; Chris Reibsomer; Seeman's Electric, LLC; Reibsomer Electric, LLC; and R & S Automation and Electric, LLC, | ) ) ) ) ) |
| | ) Case No. 1:18-cv-039 |
| Defendants. | ) |

This order is issued to permit the court to obtain the information necessary to determine whether diversity jurisdiction exists in this case. Federal courts are courts of limited jurisdiction. James Neff Kramper Family Farm P'ship v IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005). Subject matter jurisdiction cannot be waived, and if it appears the subject matter jurisdiction is lacking, the court is obligated to consider the issue *sua sponte*. Id.; see Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

In its complaint, plaintiff asserts that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over their claims against defendant. Under 28 U.S.C. § 1332(a), federal district courts have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. Complete diversity exists when no defendant is a citizen of the same state as any plaintiff. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of each of its members. GMAC Commercial Credit LLC

1

v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004). Whether diversity exists is determined by the parties' citizenship at the time of filing. Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010) (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004)).

The court cannot at this point determine the citizenship of the plaintiff or the defendant LLCs in this action from the record. Consequently, in order to definitively determine whether there is complete diversity of citizenship between the parties, the court shall require the plaintiff and defendant LLCs in this action to disclose the citizenship of their respective members by June 18, 2018.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court